IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DENNIS SCOTT McCULLOUGH,

    Petitioner,

v.                  Civil Action No. **3:10CV698**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Dennis Scott McCullough, a federal inmate proceeding <u>pro se</u>, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his 1997 conviction in the Circuit Court for the City of Norfolk, Virginia.  McCullough raises the following two claims for relief:

| | | |
|---|---|---|
| Claim One | McCullough received ineffective assistance of counsel when counsel advised him to plead guilty despite the fact that counsel should have known that there had been a Fourth Amendment[1] violation in his case. | |
| Claim Two | McCullough's rights under the Fourth and Fifth[2] Amendments were violated when the police allowed the news media to film and air a search of McCullough's home performed by police in 1996. | |

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[2] "No person . . . shall be deprived of life, liberty, or property without due process of law . . . ." U.S. Const. amend. V.

(§ 2254 Pet. 6, 7.)   Respondent has moved to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the petition.   McCullough has responded.   The matter is ripe for disposition.

## I.   PROCEDURAL HISTORY

McCullough pled guilty in the Circuit Court for the City of Norfolk ("Circuit Court") to one count of possession of cocaine with intent to distribute.   The Court sentenced McCullough to an active sentence of four (4) years and six (6) months in prison. Commonwealth v. McCullough, No. CR96002275-00, at 1-2 (Va. Cir. Ct. Aug. 2, 1997).   McCullough did not appeal his conviction. Subsequently, McCullough was convicted in this Court and, partly due to his Circuit Court conviction, received a sentence enhancement.[3]   (§ 2254 Pet. 14.)

On October 2, 2009, McCullough filed a petition for a writ of coram vobis (the "Coram Vobis") in the Circuit Court. McCullough v. Commonwealth, No. CL09007093, at 2 (Va. Cir. Ct. Jan. 22, 2010).   In the Coram Vobis, McCullough argued for the expungement of his conviction due to various constitutional violations.   Id.   On January 22, 2010, the Circuit Court

_____

[3] McCullough hopes to overcome this sentence enhancement by successfully challenging the April 30, 1997 conviction.   (§ 2254 Pet. 14.)

2

dismissed the Coram Vobis because McCullough's claims were not cognizable in coram vobis.[4]  Id. at 2-3.

On September 19, 2010, McCullough filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 in this Court. (§ 2241 Pet. 10.)[5]   On March 10, 2011, the Court ordered McCullough to file his claim on the standardized form for a 28 U.S.C. § 2254 petition.  McCullough complied with this order and on April 25, 2011, the Court ordered that McCullough's § 2241 petition be supplanted by the § 2254 Petition.

## II.  ANALYSIS

### A.  Statute of Limitations

Respondent contends that the federal statute of limitations bars McCullough's claims.  Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C. § 2244(d) now reads:

---

[4] "'[T]he limited purpose of a writ of coram vobis is to correct only 'clerical error' or certain 'error in fact.'" McCullough, No. CL09007093, at 2-3 (quoting Neighbors v. Commonwealth, 650 S.E.2d 514, 518 (Va. 2007)).

[5] The Court deems the motion filed on the date McCullough swears he placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

   **(A)**   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   **(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

   Thirty days after McCullough's sentencing in the Circuit Court, his judgment became final for purposes of AEDPA.  Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year

limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6(a) (1997).[6] The Circuit Court entered McCullough's sentencing order on August 2, 1997. Thus, McCullough's conviction became final on Monday, September 1, 1997—the last date to file his notice of appeal. The statute of limitations ran for 4413 days before McCullough filed the Coram Vobis on October 2, 2009. Though this filing would normally toll the statute of limitations under 28 U.S.C. § 2244(d)(2), in this case more than one-year from the final judgment had already elapsed. Thus, there was nothing to toll. Because McCullough failed to file his § 2254 Petition within one-year of final judgment in his criminal case, the statute of limitations bars his petition.

---

[6] In 1997, Rule 5A:6(a) read in relevant part:

> *Timeliness.* — No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (1997). Thus, because McCullough failed to file a notice of appeal, the time for seeking direct review expired thirty days after the Circuit Court entered final judgment.

### B.  Belated Commencement

The Court must next consider whether McCullough is entitled to belated commencement of the limitations period.  As pertinent here, federal law provides that in addition to the date on which a judgment becomes final, the statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  This belated commencement provision protects petitioners when their claims could not have been brought earlier.

Here, McCullough argues that he did not discover the factual predicate for his claim, in the form of case law, until "recently . . . by reading the Virginia Lexis Nexis." (§ 2254 Pet. 14.)  However, failure to discover a legal theory cannot support a claim for belated commencement.  "Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance." McKinney v. Ray, No. 3:07CV266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (citing Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).  McCullough knew or could have discovered the factual predicate of his

6

claim, that the media were invited to take part in the search of his home, well prior to his final judgment in the Circuit Court. That McCullough did not discover case law by which he could turn this factual predicate into a legal claim lacks relevance in the context of § 2244(d)(1)(D). Id. For the foregoing reasons, McCullough has not demonstrated entitlement to a belated commencement of the statute of limitations.

## C. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

McCullough fails to demonstrate that he has been pursuing his rights diligently or that some extraordinary circumstance prevented him from filing in a timely manner. McCullough has

7

not attempted to explain any other reason why he should be entitled to equitable tolling. Accordingly, McCullough is not entitled to equitable tolling. Because McCullough has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, <u>see</u> 28 U.S.C. § 2244(d)(1)(B)-(D), the petition must be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 14) will be GRANTED. McCullough's motion requesting an evidentiary hearing (Docket No. 17) and his petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

8

proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that McCullough is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to McCullough and counsel for Respondent.

An appropriate Order shall issue.

                               /s/            REP

                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: January 3, 2012